**Reversed and Rendered and Opinion Filed October 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-23-00873-CV

**THOMAS A. "KIP" HYDE AND ROBERT L. WINSPEAR, Appellants**
**V.**
**GACP FINANCE CO., LLC, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-02210**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Wright[1]
Opinion by Justice Nowell

Appellee GACP Finance Co., LLC sued appellants Thomas A. "Kip" Hyde

and Robert L. Winspear for fraud. A jury awarded GACP $1,546,422.00 in actual

damages and $280,000 in punitive damages. Appellants raise four issues on appeal:

whether the trial court erred by (1) allowing GACP to amend its petition during trial;

(2) finding GACP did not waive its right to sue appellants; (3) submitting jury

instructions that incorrectly stated the elements of fraud and the measure of damages;

---

[1] The Hon. Carolyn Wright, Justice, Assigned

and (4) awarding damages to GACP. We reverse the trial court's judgment and render judgment that GACP take nothing on its claims against Winspear and Hyde.

## Background

The underlying facts of this case are well-known to the parties; therefore, we provide only those facts relevant for disposition of the appeal. *See* TEX. R. APP. P. 47.1. GACP is a specialty finance lender that originates and underwrites senior secured loans to asset-rich companies that support the ability of middle market companies to grow, refinance, recapitalize, and restructure. On or about November 2, 2016, GACP entered into a Loan and Security Agreement (the Credit Agreement) with Excel Corporation, a credit card processing company. Hyde was Excel's CEO and Winspear was the CFO.

The Credit Agreement defined the debts that were subordinated to GACP's loans ("Subordinated Indebtedness"), which included, in relevant part, "any indebtedness, liability or obligation in respect of any deferred compensation arrangement with any present, past or future employees or directors of the Borrower (or its predecessor) or any of the Subsidiaries or Affiliates." It also provided that no Loan Party "shall permit any of its Subsidiaries to" make any payment with respect to any of the "Subordinated Indebtedness . . . without the prior written consent of the Agent whether or not any express subordination arrangement exists in respect thereof." Hyde and Winspear knew the terms and covenants of the Credit Agreement because they negotiated and recommended the agreement to Excel's

–2–

board of directors for approval. Based on their recommendations, the board of directors approved the Credit Agreement with GACP.

The three parties to the Credit Agreement were Excel as the borrower, GACP as the "administrative agent and collateral agent," and GACP I, L.P. (GACP Lender) as the lender. GACP Lender loaned Excel $13.5 million. Excel gave GACP a security interest in its assets, and among other obligations, Excel agreed to maintain a certain liquidity as of the last date of every month. If Excel violated a loan covenant, GACP Lender was entitled to receive an additional monthly interest payment of 5% as a penalty rate.

When the parties entered into the Credit Agreement, Hyde and Winspear had claims against Excel for alleged deferred compensation. Despite the Credit Agreement requiring prior written consent before such "Subordinated Indebtedness" could be paid, Hyde and Winspear paid themselves $750,000 ($375,000 a piece) in deferred compensation without GACP's prior consent. From GACP's perspective, "within days of GACP funding $13.5 million under the Credit Agreement, Defendants Hyde and Winspear had taken $750,000 of GACP's money for their personal benefit, through a secret transfer, without any attempt to first ask GACP's permission."

After Hyde and Winspear paid themselves the deferred compensation, Excel had less than the $2 million in minimum liquidity required by the Credit Agreement. In December 2016, GACP sent Excel a written Notice of Event of Default and

–3–

Reservation of Rights based on Excel's breach of section 5.23(n) of the Loan Agreement, which required prior written consent for payments of "Subordinated Indebtedness."

On January 26, 2017, GACP and Excel agreed to the First Amendment and Waiver to Loan Security Agreement (the First Amendment) in which Excel, among other things, assumed certain obligations regarding a revised minimum liquidity. If Excel met the conditions of the First Amendment, then GACP would waive and release Excel's breach of section 5.23(n) for the $750,000 in deferred compensation. Excel did not satisfy its obligations under the First Amendment.

On May 5, 2017, GACP sent written notice to Excel demanding repayment of the loan. Instead of foreclosing on Excel, GACP entered into a forbearance agreement allowing for the sale of Excel's assets through an auction. GACP alleged the sale caused it to incur a multimillion-dollar loss, including $2.1 million for Hyde's and Winspear's misconduct and $600,000 in transaction costs. GACP subsequently filed suit against Hyde and Winspear for fraud.

A jury found Hyde and Winspear committed fraud against GACP and awarded GACP $1,211,520.00 in loss of benefit-of-the-bargain damages and $334,902.00 in out-of-pocket expenses. It further awarded $140,000 in punitive damages against Hyde and $140,000 in punitive damages against Winspear. The trial court signed the final judgment on June 7, 2023. The trial court denied appellants' post-judgment motions, and this appeal followed.

## Notice of Pleadings

In their first issue, appellants argue the trial court erred by allowing GACP to shift trial strategy on the third day of trial and argue for the first time that it was not seeking its own damages, but instead was seeking damages as agent on behalf of GACP Lender. Appellants contend, in part, that the trial court's ruling dispensed with the fair notice of pleadings doctrine thereby shifting the burden to them to engage in discovery to determine the meaning of GACP's second amended petition and which party was seeking damages. GACP maintains appellants knew it was seeking damages as agent on behalf of GACP Lender from the inception of the lawsuit, and to the extent it was unclear, appellants should have filed a special exception. GACP further contends appellants are raising a capacity issue, which is not preserved.

In its second amended petition, GACP repeatedly alleged "GACP Finance Co., LLC (GACP)" was the plaintiff in the suit. Throughout discovery, GACP referred only to itself with no mention of acting as agent on behalf of GACP Lender. During appellants' opening statement at trial, they emphasized, "I want to be really clear that plaintiff in this lawsuit is Great American Capital Partners Finance, Co., LLC. That is the plaintiff in this lawsuit." GACP did not correct appellants' identification of plaintiff. The case then continued with testimony from Hyde and Winspear.

On the third day of trial, appellants argued in a hearing outside the jury's presence that GACP did not have capacity to seek its requested damages. GACP's counsel admitted, "[A]ll the damages that we've ever sought throughout this entire case are losses suffered by the lender. They're not losses suffered by GACP Finance Co." He argued the Credit Agreement gave GACP the right to sue, and GACP was "pursing these claims as the agent on behalf of the lender, and the damages that are sought are damages that only the lender suffered." When the court questioned where the second amended petition stated GACP was pursing damages as agent of GACP Lender, GACP's counsel admitted he could not cite to a specific statement and instead cited to paragraph eleven under "FACTUAL ALLEGATIONS" which stated, "On or about November 2, 2016, GACP, as agent for various Lenders, entered into a Loan and Security Agreement . . . with Excel Corporation as Borrower."

Appellants argued the pleadings and requests for disclosure consistently referred to GACP's damages, not GACP, as agent, seeking recovery of GACP Lender's damages. Thus, appellants contended GACP violated the fair notice of pleadings doctrine, and GACP did not have capacity to seek GACP Lender's damages.

GACP maintained it "put them on notice since the outset of the case that the named party in the lawsuit is bringing suit as agent on behalf of the lenders." It argued the singular reference to agent in the second amended petition "puts them on notice that the claims and GACP's ability to bring those claims arise from the credit

agreement." Despite the trial court recognizing that if appellants' argument was correct, "this is over" because rendering judgment would be appropriate, the trial court allowed the trial to continue and granted appellants a running objection to any evidence supporting GACP's claim for damages incurred by GACP Lender.

Texas Rule of Civil Procedure 301 requires that the judgment of the trial court must be supported by the pleadings. TEX. R. CIV. P. 301. Thus, a trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent. *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 658 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

This "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *Repsol Oil & Gas USA, LLC v. Matrix Petroleum, LLC*, No. 04-18-00411-CV, 2023 WL 8897012, at *2 (Tex. App.—San Antonio Dec. 27, 2023, no pet.). The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense. *Auld*, 34 S.W.3d at 896. Ultimately, the pleading must give the adversary parties notice of each parties' claims and defenses, as well as notice of the relief sought. *Respol Oil & Gas USA, LLC*, 2023 WL 8897012, at *2.

We view the petition from the defendant's perspective. *Irwin v. Salem*, No. 03-10-00508-CV, 2011 WL 3890406, at *3 (Tex. App.—Austin Aug. 31, 2011, no pet.) (mem. op.). A "passing reference" in the factual portion of a pleading does not equate to fair notice. *Irwin*, 2011 WL 3890406, at *3 (concluding defendants did not have fair notice of unjust enrichment claim even though the petition mentioned the term "unjust enrichment"). Though every fact need not be pleaded, we look to what "can reasonably be inferred from what is specifically stated." *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018).

The second amended petition repeatedly stated "GACP Finance Co., LLC (GACP)" is the plaintiff. Under "THE PARTIES" heading, it listed three parties to the suit: (1) "Plaintiff GACP Finance Co., LLC"; (2) "Defendant Thomas A. 'Kip' Hyde Jr."; and (3) "Defendant Robert L. Winspear." It indicated, "GACP seeks damages in a maximum amount of $6.3 million, including without limitation, all economic and punitive or exemplary damages."

The word "agent" appeared once in paragraph eleven of the second amended petition under "FACTUAL ALLEGATIONS": "On or about November 2, 2016, GACP, as agent for various Lenders, entered into a Loan and Security Agreement . . . with Excel Corporation as Borrower." At most, this statement indicated GACP entered into the Loan Agreement as GACP Lender's agent. Reading the second amended petition as a whole and from appellants' perspective, we cannot conclude this "passing reference" equated to fair notice that GACP was seeking damages on

–8–

behalf of GACP Lender as its agent. *See Irwin*, 2011 WL 3890406, at *3; *see, e.g.*, *Schwartz v. Fipps*, 553 S.W.3d 549, 554 (Tex. App.—San Antonio 2018, no pet.) ("By its plain language, Appellees' live pleading does not allege that Dr. Schwartz breached the standard of pre- or postoperative care; it merely states that "[t]he surgical procedure failed."). The petition repeatedly stated GACP, not GACP as agent for GACP Lender, filed suit to recover damages for appellants' wrongful conduct. The liberal construction of pleadings "does not require us to read into a petition what is plainly not there." *Bos*, 556 S.W.3d at 306.

In reaching this conclusion, we reject GACP's reliance on the Credit Agreement, which it argues gave GACP the exclusive power to bring suit on GACP Lender's behalf. When a document is incorporated into another by reference, both instruments must be read and construed together. *Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 189 (Tex. App.—Dallas 2013, no pet.). Here, GACP neither specifically incorporated the Credit Agreement into, nor attached it to, its second amended petition. Although GACP argues a reasonably prudent attorney would have been able to determine GACP was an agent for GACP Lender during both the memorialization of the Credit Agreement and this lawsuit, we cannot agree. The fair notice of pleadings doctrine requires a *pleading* to give the adversary parties notice of each parties' claims and defenses, as well as notice of the relief sought. *Respol Oil & Gas USA, LLC*, 2023 WL 8897012, at *2. Fair notice is not notice to dig deeper to determine the parties' claims and damages. Thus, under these

facts, we conclude reference to a document that is not specifically incorporated or attached to a petition cannot establish an agency relationship satisfying the fair notice of pleadings standard.

However, even if we considered the Credit Agreement, GACP's argument fails. GACP cites to section 10.11(d) of the Credit Agreement to support its exclusive authority to bring suit as agent "for the benefit of all the Lenders." The relevant portion of the Credit Agreement states the following:

> (d) **Exclusive Right to Enforce Rights and Remedies**. Notwithstanding anything to the contrary contained herein or in any other Loan Document, the authority to enforce rights and remedies hereunder and under the other Loan Documents against the Loan Parties or any of them shall be vested exclusively in, and all actions and proceedings at law in connection with such enforcement shall be instituted and maintained exclusively by, Agent in accordance with the Loan Documents for the benefit of all the Lenders.

GACP alleges that because GACP Lender was harmed by appellants' fraud, GACP had the exclusive authority, as agent, to initiate the proceeding. Section (d), however, provided GACP authority to "enforce rights and remedies" and "all actions and proceedings at law in connection with such enforcement" against "Loan Parties." The Credit Agreement defines "Loan Party" as "Borrower, or any Guarantor" and "Loan Parties" as "Borrower and all Guarantors." "Borrower" is defined as "Excel Corporation," and the "Guarantors" are defined as "each Subsidiary listed on Schedule C, and each other Subsidiary that is or becomes a party to this Agreement pursuant to Section 3.3." The subsidiaries listed in Schedule C included Excel Business Solutions, Inc., Payprotec Oregon, LLC, eVance

–10–

Processing Inc., and Securus Consulting, LLC. Accordingly, the Credit Agreement assigned GACP the right to file "all actions and proceedings at law" against the Loan Parties, a defined term that does not include appellants. As such, appellants' knowledge of the Credit Agreement, even if we assumed it was incorporated by reference into GACP's second amended petition, did not provide fair notice that GACP filed suit as agent for GACP Lender.

Finally, we reject GACP's argument that appellants' capacity challenge is not preserved because they did not file a special exception or a verified denial. Special exceptions are designed to provide notice of pleading defects and to allow the pleader to cure the defects. *Bos*, 556 S.W.3d at 306. A defendant raising a capacity challenge, or "wrong plaintiff" problem, is usually required to file a verified denial thereby providing the plaintiff an opportunity to correct the problem, if possible, through assignment or joinder. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 779 (Tex. 2020).

The petition here was not defective. Appellants were entitled to rely on the second amended petition in which GACP asserted it was seeking damages for fraud; therefore, appellants had no reason to specially except for further clarification that GACP might actually be bringing suit as GACP Lender's agent. *Id.* at 780 ("issues regarding . . . authority to sue for damages . . . will not always be apparent from the face of the plaintiff's petition" requiring a special exception). Further, appellants did not discover until the third day of trial that GACP was seeking damages on behalf

of GACP Lender rather than its own damages. Appellants timely raised the capacity issue with the trial court as soon as the "bait and switch" became apparent. As GACP's pleadings did not disclose it was seeking damages on behalf of GACP Lender, appellants were justified in assuming GACP was suing for its own damages and "had no reason…to file a verified pleading challenging . . . capacity to recover for damages" on behalf GACP Lender. *Id.*

### Standing

Appellants also argue GACP lacked standing to bring suit. "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority." *Pike*, 610 S.W.3d at 775. Standing requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021). To maintain standing, a plaintiff must show, in part, an injury in fact that is both particularized and concrete and actual and imminent, not conjectural or hypothetical. *Id.*

Here, on the third day of trial, GACP stipulated it had zero damages of its own and was pursing damages for GACP Lender as its agent. GACP's stipulation established it had no concrete or particularized injury that would be resolved by the court. Accordingly, once GACP stipulated it had no damages of its own, GACP no longer had standing to bring suit against appellants.

To the extent GACP argues it had standing to sue on behalf of GACP Lender because section 10.11(d) of the Credit Agreement explicitly assigned the right, we

–12–

disagree. As discussed above, the Credit Agreement assigned GACP the right to bring suit against the Loan Parties, a defined term that did not include appellants. Accordingly, GACP was not assigned the right to "stand in the shoes" of GACP Lender and "assert those rights that assignee could assert, including bringing suit." *First-Citizens Bank & Tr. Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 566 (Tex. App.—Austin 2010, no pet.) (recognizing an assignee receives the full rights of the assignor).

## Conclusion

The trial court's judgment awarded GACP, "as agent for the lender GACP I, L.P.," $1,546,422.00 in actual damages and $280,000 in punitive damages. Because GACP's second amended petition did not provide fair notice of the alleged agency relationship between GACP and GACP Lender and GACP did not have standing to bring suit on behalf of GACP Lender, the trial court's judgment does not conform to the pleadings and is invalid. *See Bos*, 556 S.W.3d at 306; *see also* TEX. R. CIV. P. 301 (judgment of the trial court must be supported by the pleadings). We sustain appellants' first issue. Because this issue resolves the appeal, we need not address appellants' remaining three issues. TEX. R. APP. P. 47.1.

We reverse the trial court's judgment and render judgment that GACP take nothing on its claims against Winspear and Hyde.

230873f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THOMAS A. "KIP" HYDE AND
ROBERT L. WINSPEAR,
Appellants

No. 05-23-00873-CV          V.

GACP FINANCE CO., LLC,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-02210.
Opinion delivered by Justice Nowell.
Justices Reichek and Wright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

Appellee GACP Finance Co., LLC take nothing in its claims against appellants Thomas A. "Kip" Hyde and Robert L. Winspear.

It is **ORDERED** that appellants THOMAS A. "KIP" HYDE AND ROBERT L. WINSPEAR recover their costs of this appeal from appellee GACP FINANCE CO., LLC.

Judgment entered this 24th day of October, 2024.

–15–